# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamarcus McIlwain, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:11-2324-RMG |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on January 14, 2013 recommending that the Commissioner's decision be affirmed. (Dkt. No. 27). Plaintiff filed objections to the Magistrate Judge's R & R. (Dkt. No. 30). As set forth below, the Court adopts the R & R of the Magistrate Judge as the order of this Court and affirms the decision of the Commissioner.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

determination of those portions of the R & R to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405 (g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

Plaintiff has a long and well-documented history of significant behavior problems, anger management issues, and social adjustment difficulties that ultimately resulted in his expulsion from the public schools and which Plaintiff now argues renders him disabled under the Social Security Act. The record includes reports by four experts, all of whom recognize and document Plaintiff's impairments and potential significance in the vocational setting. (Transcript of Record

-2-

("Tr.") at 163-79, 247-52, 254-56, 261-71). The experts differ, however, regarding the degree to which these impairments affect Plaintiff's ability to function in the work setting, particularly his ability to tolerate and accept supervision. For instance, Dr. Lisa Bridgewater, an examining expert, concluded that Plaintiff had "extreme" limitations in the ability to interact appropriately with supervisors, co-workers, and the public, noting that Plaintiff has "extreme difficulty controlling his impulses and acts out violently and aggressively in anger." (Tr. at 267, 270). She also found, however, that Plaintiff was only mildly limited in carrying out simple instructions and to make simple work-related decisions. (Tr. at 269). On the other hand, Dr. Lisa Klohn, a non-examining consulting expert, concluded that while Plaintiff had a moderate limitation on social functioning he would not be significantly limited in his "ability to accept instructions and respond appropriately to criticism from supervisors." (Tr. at 173, 178).

The ALJ carefully and methodically evaluated the various expert opinions. (Tr. at 17-26). He ultimately concluded that Plaintiff had severe impairments in regard to mood disturbance and borderline intellectual functioning but that Plaintiff, with certain specified restrictions, retained the residual functional capacity to perform work at all exertional levels. (Tr. at 17, 22). In the course of reaching those conclusions, the ALJ gave little weight to the opinions of Dr. Bridgewater because he found them "not supported by or consistent with the medical evidence of record" and because her "statements and conclusions are contradictory." (Tr. at 25). Although Plaintiff is correct that there exists evidence in the record, if credited by the fact finder, to support a finding of disability, the weighing and reconciling of that evidence with conflicting evidence is the responsibility of the Commissioner. So long as there exists substantial evidence to support the findings and conclusions of the Commissioner, as exists with the record in this matter, the

Court is obligated to sustain the decision of the Commissioner.

Plaintiff raises three objections to the Magistrate Judge's R & R, all of which were essentially raised before the Magistrate Judge and addressed in the R & R. First, Plaintiff objects to the language of the ALJ's hypothetical question to the Vocation Expert, contending that it was inconsistent with the limitations set forth in the Residual Functional Capacity ("RFC") assessment. (Dkt. No. 30 at 1- 4). The Court has carefully reviewed the hypothetical posed by the ALJ and it appears to communicate reasonably Plaintiff's limitations set forth in the RFC. (Tr. at 22, 309). The Court agrees with the Magistrate Judge's analysis in the R & R on this issue. (Dkt. No. 27 at 24-25). Second, Plaintiff objects to the manner in which the ALJ weighed and considered the opinion evidence of various experts. (Dkt. No. 30 at 6-12). The Magistrate Judge fully and adequately addressed the expert testimony in the R & R, and the Court agrees with her that the ALJ appropriately weighed and reconciled the opinions of the various experts. (Dkt. No. 27 at 6-15, 17-22). Third, Plaintiff argues that the mother's testimony was not adequately weighed and considered by the ALJ. (Dkt. No. 30 at 12-14). The Court concurs in the analysis and conclusion of the Magistrate Judge that the ALJ did, in fact, adequately consider the testimony of Plaintiff's mother. (Dkt. No. 27 at 22-24).

## Conclusion

Based upon the foregoing, the Court adopts the R & R of the Magistrate Judge and affirms the decision of the Commissioner in this matter.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

February 4, 2013
Charleston, South Carolina